**FILED**

MAR 1 8 2003

SAMUEL L. KAY, CLERK
U.S. District & Bankruptcy Co
Southern District of West Virg

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

Kelvin Andre Spotts        05613-088

_____    _____

_____    _____

(Enter above the full name of the plaintiff    (Inmate Reg.# of each Plaintiff)
or plaintiffs in this action).

**VERSUS**                  CIVIL ACTION NO. 5:03-0231
                            (Number to be assigned by Court)

Robert C. Chambers (personal capacity)
Maurice Taylor (personal capacity)
*Personally Troy Williamson & Bureau of Prisons
*Personal Micheal Keller & Department of Justice
Capacity
(Enter above the full name of the defendant
or defendants in this action).

## COMPLAINT

I. **Previous Lawsuits**

  A.  Have you begun other lawsuits in state or federal court
      dealing with the same facts involved in this action or
      otherwise relating to your imprisonment?

      Yes ✓    No ___

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1. Parties to this previous lawsuit

    Plaintiffs: Kelvin Andre Spotts

    Defendants: Todd Owen McDaniel Et. Al.
    J.C. Lee Et. Al.

2. Court (if federal court, name the district; if state court, name the county):

    Cabell County Circuit Court

3. Docket Number: 02-C-958

4. Name of judge to whom case was assigned:

    David M. Pancake

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)

    Still Pending

6. Approximate date of filing lawsuit: Nov 2002, 2

7. Approximate date of disposition: N/A

II. Place of Present Confinement: Beckley F.C.I.

A. Is there a prisoner grievance procedure in this institution?

Yes ✓   No ___

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes ✓   No ___

C. If your answer is YES:

1. What steps did you take? Filed BP 8, 9, 10

2. What was the result? Denied

D. If your answer is NO, explain why not: N/A

III. Parties

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of Plaintiff: Kelvin Andre Spotts 05613-08

Address: P.O. Box 350 Beaver W/A 25813

B. Additional Plaintiffs and Address: N/A

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C. Defendant **Robert C. Chambers**
is employed as **District Court Judge**
at **Southern District W. VA (Huntington Divi**

D. Additional defendants: **Troy Williamson Warden**
**Micheal Kelke A.U.S.A. Maurice Taylor**
**Magistrate Judge. Department of Justice**
**Bureau Of Prisons**

## IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheet if necessary).

See Attached Documents * Note that this has been filed in pencil Because Plaintiff is in Special Housing Unit where No pens are allowed, Plus its like pulling a tooth to be allowed to use Law Library typewriter which is very out dated. So plaintiff ask

## IV. Statement of Claim (continued):

For A Copy of complaint w/Attachments be made Stamped + Filed And returned to Plaintiff. Also plaintiff seeks the opprotunity to be Allowed to Amend Complaint And File A typed And more Detailed Complaint.

See Attached Pages For Claim + Relief Sought.

## V. RELIEF

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

See Attached!

## V. Relief (continued)

_____
_____
_____
_____
_____
_____

## VII. Counsel

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name:

*N/A*

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

Yes _____    No ✓

If so, state the name(s) and address(es) of each lawyer contacted:

*N/A*

If not, state your reasons: *Can't use telephone while In S.H.U.*

C. Have you previously had a lawyer representing you in a civil action in this court?

Yes _____    No ✓

If so, state the lawyer's name and address:

N/A

Signed this _____ day of March, 2003

Kelvin Andre Spotts
05613-088

Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
(Date)

_____
Signature of Movant/Plaintiff

_____
Signature of Attorney
(if any)

STATEMENT OF CLAIMS   WRONGFUL ACTS OF MISCONDUCT
10

1) Robert C. Chambers went outside of his statutory duties and authority, by telling plaintiffs attorneys in open court on July 8th 1998 that plaintiff's claims for wanting to quash indictment were frivolous and without merit. When their was a Supreme Court ruling that were made for such motions. See Russell v. United States, 369 U.S. 749, 762, 82 S.Ct 1038, 8 L.Ed 2d 240 (1962) Also Strione v. United States, 361 U.S. 212 (1960). were i in each of these cases proper objections were made in District Co Court. See Supreme Court made May 20th 2002, United States v. Cotton, No:1687, which speaks even more on the procedure in which to challenge the sufficiency of an indictment. His wrongful acts of misconduct impeded plaintiffs legal defense, and denied plaintiff equal protection under the law, denied plaintiff effective assistance of counsel, this also violating plaintiffs 5th, 6th and 8th amendment right's, subjecting plaintiff to cruel excessiv and unuseual punishment. All in Direct violation of plaintiff's "Liberty Interest". Plaintiff demands strict reading of his constitutional right's.

2) Maurice Taylor, went outside of his statutory authority when he allowed a West Virginia State Citizen file a criminal complaint under Federal Statute's against plaintiff who is also a Citizen of the same State of W.Va. For the definition's of a State Citizen does not fall under the protection of any of theF Federal Statutes enacted by Congress.

3) Troy Williamson/Warden and/or Joyce conley/Warden's at
      Beckley F.C.I. to be sued in their individual capacities
The plaintiff has previously filed grievance's by means of insitutional policies BP8,9, and also 10s, requesting that this institution or B.O.P. file a 3582 motion to United States Distric Court for the Southern District ofW West Virginia (Huntington Division)
   The plaintiff has pointed out that his conviction and his incarceration here at Beckley F.C.I. was illegal and unconstituti onal .

The plaintiff unlike other inmate here has preserved his right's to challenge the sufficiency of his indictment and demand equal protection under the law by way of Russell v. United States 369 U.S. 749, 762, 82 S.Ct. 1038, 8 LEd2d 240 (1962), were first the indictment must contain "the essential elements of the offens intended to be charged so that it sufficiently apprises the defen dant of what he must be prepared to meet". This meaning that the District Court did not have subject matter jurisdiction to impose such an illegal and unconstitutional sentence along with it's judgment and commitment order that placed me under your supervisi ion or at your facility.

See United States v. Sanders, Cite ---F3d---(4th Cir2001), w were under Bousley analysis Sanders could not show cause to expla explain his failure to raise Apprendi v. New Jersey Claim on Dire Direct Appeal. But in plaintiff's instant case he has preserved his right's to challenge the sufficiency of the indictment on col collateral review, and that the comment's made by Judge Robert C. Chambers is enough to show cause which means some type of impedi ment, an outside force that has impeded plaintiff's legal defense

Although the plaintiff does not need Apprendi v. NewJersey t to be retroactive to his case as once thought, See United States v. Cotton, No:1587 argued April 13th, 2002 after plaintiff filed BP8 and 9's placing this institution and the B.O.P. on "Notice" case was decided on May 20th, 2002. This case speaks even more volumous about how to make a timely assertive challenge to the su sufficiency of an indictment for in United States v. Russell, and Strong v. United States, 361 U.S. 212 (1962) each of these cases made proper objections in District Court to the sufficiency of th indictment as did the plaintiff. The plaintiff also also preserv ed his motion filed by his court appointed counsel in District Co Court, so that he could appeal the issue raised that was meritles

Plaintiff's claim of ineffective counsel will satisfy the procedural default which allow plaintiff to relitigate his position under 28 U.S.C 2255 and Demand Equal Protection of theL Law, plus it also allows the plaintiff protect his "Liberty Interest". Cause the Russell Case was decide way back in 1962 an and can be applied to plaintiffs situation for collateral review, plus

Statement of Claims
Wrongful Act of Misconduct

1) Robert C. Chambers went outside of his Statutory duties and authority. By telling Plaintiff Attorneys In open court on July 8th 1998 that Plaintiff claims for wanting to Quash Indictment was Frivolous And without merit. When there was Supreme Court ruling that were Made For such motions See Russell V. United States, 369 U.S. 749, 762, 82 S.Ct 1038, 8 L.ED 2d 240 (1962) Also Sterone V. United States, 361 U.S. 212 (1960) Each case made proper objections in District Court. See Supreme Court Decision Made May 20th 2002, United States V. Cotton, NO:1687 which speak more on the procedure In which to Challenge the Sufficiency of An Indictment. His Wrongful Acts of Misconduct Impeded Plaintiff Legal Defense, And Denied Plaintiff Equal of the Law, Denied Plaintiff Effective Assistance of Counsel. Also violating Plaintiff 5th, 6th, And 8th Amendment Constitutional Rights. Subject Plaintiff to Cruel Excessive And Unusual Punishment. And in Direct

2) Maurice Taylor went outside of his statutory authority when he allowed a W.VA. State Citizen file a criminal complaint under Federal Statute's against Plaintiff who is also a Citizen of the same state W.VA. For the Definition of the State Citizen does not fall under the protection of any Federal Statutes allocated by Congress.

3) Troy Williamson / Wardens At Beckley
Joyce Conley / F.C.I
Sued in their individual capacities
Negligent in their Duties, And
Wrongful Acts of Misconduct

The Plaintiff has previously filed by means of Institutional policies B.P. 8, 9 And 10s. Requesting that this institution or B.O.P. File a 3582 Motion to United States District Court for the Southern District of West Virginia (Huntington Division)

The plaintiff unlike other Inmates here has preserved his Right to Challenge the Sufficiency of his Indictment And Demand Equal Protection of the Law by way of Russell v United States, 369 U.S. 749, 762, 82 S.Ct. 1038, 8 L.Ed 2d 240 (1962) were first, the indictment must contain "The essential Elements of the Offense intended to be charged so that it sufficiently Apprises the defendant of what he must be prepared to meet." This meaning that the District Court did not have Subject Matter Jurisdiction to impose such An Illegal And unConstitutional Sentence that placed plaintiff under your Supervision Or In your Facility.

See United States v Sanders, Cite --- F3d --- (4th Circuit 2001) Were under Bousley Analysis Sanders could not show cause to explain his Failure to raise Apprendi v. New Jersey claim on direct Appeal. But in plaintiffs instant case he has preserved his Rights to Challenge the

Although the plaintiff does not need Apprendi v. New Jersey, to be retroactive to his case as once thought, See United States v. Cotton, No. 1687 Argued April 13th 2002 After plaintiff filed BP 8, Placing Institution on Notice, Decided May 20th, 2002. This case speaks even more voluminous about how to make a timely assertive challenge to the sufficiency of an Indictment. For In United States v. Russell, And StRione v. United States, 361 U.S. 212 (1960) Each of these cases made proper objections in District Court to the sufficiency of the Indictment, as did the plaintiff. The plaintiff also preserved his motion file by his court appointed Attorney in District Court so that he could appeal the issue raised.

Plaintiffs claim of Ineffective Counsel will satisfy the procedural default which allows plaintiff to relitigate his position under 28 U.S.C. 2255 and demand equal protection of the law and it allows plaintiff to protect his liberty

claim and was defaulted. In which you can contact him on this. If you haven't already.

Which now places me back to you the Defendant. The Defendant has Neglected to protect my "Liberty Interest"

1) By Failing to file a Motion under 3582 to request the District Court or A.U.S.A. Michael Keller to recall their Judgement and Commitment Order or Vacate Judgement and remove plaintiff off any and all B.O.P. Property or premises so that no incidents, accidents, or injuries would occur to plaintiff.

2) By placing plaintiff in a Unit with D.C. prisoners that are under Youth Act.

3) By not transferring this particular prisoner that was under the Youth Act to proper security level which would have been

and fracturing skull

5) By allowing known non-prisoners to knock plaintiff unconscious causing plaintiff to have a concussion, stitches to scares, one scar in forehead area, one rear skull caused by metal door.

6) Plaintiff has recieve a concussion and still has dizzy spells.

7) Plaintiff has received abuse by counselor and psychological and mental distress by various officers.

8) Plaintiff is now being placed on "Desiel Therapy" in efforts to conceal incident, and remove plaintiff away from family and loved ones in the area his home state.

9) Plaintiff has recieved unwarranted custody level points as a disguise

10) Plaintiff has been placed in special housing units. Even after serving time given by Disciplinary Hearing Officer Ms. Kilgore, which was only 15 days. This has hindered plaintiff in contacting his family and friends, same privileges as inmates that are incarcerated here Constitutionally and legally.

11) Plaintiff has received inadequate medical & mental care.

Relief Requested
Robert C. Chambers

1) Plaintiff seeks 4.5 Million Dollars for every year this suffered for mental anguish, psychological treatment, stress, loss of physical injuries, lost wages, and [illegible]

2) Plaintiff seeks Punitive damages of one 4.5 Million Dollars Individually

Maurice Taylor

26) Plaintiff seeks punitive damages for 1.5 million dollars individually.

Troy Williamson Et Al
Joyce Cowrey

1) Plaintiff seeks damages in the amount of 1.5 million dollars for every year the S.O. has falsely imprisoned plaintiff and Refused to file 3582 motion to District Court.

2) Plaintiff seeks punitive damages in the amount of 1.5 million dollars Individually

3) Plaintiff seeks mental, physical, and psychological damages to be Awarded in the Amount of 1.5 million dollars.

4) Plaintiff seeks A 3582 motion

And demand A hearing on the Merits of plaintiff Flawed Indictment, And remove plaintiff out of B.O.P. custody And Returned back to South Central Regional Jail in Charleston W,VA., Until such hearing is scheduled, or plaintiff seeks to be placed back on Beckley F.C.I. Compound in A two man cell, Away From Abusive Counselor, And Returned back to his Job Y.D. P.M. And paid for back wages. Also the Return of All lost property or replace while plaintiff was in S.H.U.

5) Plaintiff seeks to have all custody level point, that were added removed And the disciplinary Transfer to be stopped.

6) Plaintiff seeks that none of all B.O.P personal seek reprisal For plaintiff's filing